Daniel J. Herling (SBN 103711)
djherling@mintz.com
Paige E. Adaskaveg (SBN 330551)
peadaskaveg@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
44 Montgomery Street, 36th Floor
San Francisco, CA 94104
Telephone: 415-432-6000
Facsimile: 415-432-6001

Valerie Phan (SBN 306503)
vphan@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Telephone: 858-314-1500
Facsimile: 858-314-1501

Brad M. Scheller (*pro hac vice forthcoming*)
bmscheller@mintz.com
Michael R. Graif (NY SBN 249992)
mrgraif@mintz.com
MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.
919 Third Avenue
New York, NY 10022
Telephone: 212-935-3000
Facsimile: 212-983-3115

Attorneys for Defendants
PETER THOMAS ROTH LABS, LLC
and SEPHORA USA, INC.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| AMARTE USA HOLDINGS, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>PETER THOMAS ROTH LABS, LLC, a New York Limited Liability Company, and SEPHORA USA, INC., a Michigan Corporation,<br><br>Defendant. | Case No. 3:23-cv-03930-JSC<br><br>Case Assigned to Hon. Jacqueline S. Corley<br>Courtroom 8<br><br>**DEFENDANT PETER THOMAS ROTH LABS, LLC'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint filed: August 4, 2023<br>Trial: None Set |

Defendant Peter Thomas Roth Labs, LLC ("Defendant" or "PTR"), by and through its undersigned counsel, hereby answers Plaintiff Amarte USA Holdings, Inc.'s ("Plaintiff" or "Amarte") Complaint as follows:

## NATURE OF THE ACTION

1. Paragraph 1 contains an introductory statement of Plaintiff's purported case and identification of alleged claims, to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 1.

## THE PARTIES

2. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 2 and denies the same.

3. Defendant admits that it conducts business in and around San Francisco, California. Defendant denies the remaining allegations in Paragraph 3.

4. Defendant admits Sephora is a Michigan corporation, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 4 and denies the same.

5. Paragraph 5 does not contain any factual allegations and therefore no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 5.

6. Denied.

## JURISDICTION AND VENUE

7. Paragraph 7 contains generalized allegations and legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 7.

8. Paragraph 8 contains generalized allegations and legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 8.

9. Paragraph 9 contains generalized allegations and legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 10.

## FACTUAL ALLEGATIONS

### Amarte's Trademark Rights

11. Defendant admits that Amarte currently advertises and offers an eye cream using the term "EYECONIC," but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 11 and denies the same.

12. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 12 and denies the same.

13. Defendant admits that Amarte has used the term "EYECONIC" in connection with an eye cream, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 13 and denies the same.

14. Defendant admits that Amarte has used the term "EYECONIC" in connection with an eye cream, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 14 and denies the same.

15. Paragraph 15 contains legal conclusions to which no response is required. Further answering, Defendant admits Amarte's name appears as the owner of record of U.S. Trademark Registration No. 4,328,655, dated April 30, 2013, for Class 3 "eye creams" and "eye cosmetics" on the Principal Register of the U.S. Patent and Trademark Office, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 15 and denies the same.

### Defendants' Business and Infringing Acts

16. Defendant admits it has previously advertised, marketed, promoted, and sold certain PTR eye patches using the term "EYE-CONIC." Defendant denies the remaining allegations in Paragraph 16.

17. Defendant admits it has previously used the term "EYE-CONIC" in connection with certain PTR eye patches. Defendant denies the remaining allegations in Paragraph 17.

/ / /

1       18.     Defendant admits the image in Paragraph 18 depicts the term "EYE-CONIC" on PTR's product packaging for certain PTR eye patches, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 18 and denies the same.

      19.     Defendant admits it has previously used the term "EYE-CONIC" in connection with certain PTR eye patches on its website, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 19 and denies the same.

      20.     Defendant admits it has previously advertised, marketed, promoted, and sold certain PTR eye patches using the term "EYE-CONIC." Defendant denies the remaining allegations in Paragraph 20.

      21.     Defendant admits it has used images and videos featuring Lindsay Lohan to promote, advertise, market, and sell certain PTR eye patches using the term "EYE-CONIC." Defendant denies the remaining allegations in Paragraph 21.

      22.     Defendant admits PTR manufactured and distributed certain eye patches using the term "EYE-CONIC" on PTR's product packaging, and has sold, advertised, marketed, and promoted certain PTR eye patches using the term "EYE-CONIC" on its website, Instagram, and Facebook accounts. Defendant denies the remaining allegations in Paragraph 22.

      23.     Defendant admits Sephora has sold certain PTR eye patches having "EYE-CONIC" on PTR's packaging on Sephora's website, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 23 and denies the same.

      24.     Paragraph 24 contains legal conclusions to which no response is required. Further answering, Defendant admits it has promoted, distributed, marketed and sold certain PTR eye patches using the term "EYE-CONIC," but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 24 and denies the same.

      25.     Paragraph 25 contains legal conclusions to which no response is required. Further answering, Defendant admits it has previously used the term "EYE-CONIC" in connection with certain PTR eye patches after the date the USPTO issued U.S. Trademark Registration No. 4,328,655,

1  but is without sufficient knowledge or information to form a belief about the truth of the remaining
2  allegations in Paragraph 25 and denies the same.

3        26.    Paragraph 26 contains legal conclusions to which no response is required. To the
4  extent any response is required, Defendant denies the allegations in Paragraph 26.

5        27.    Paragraph 27 contains legal conclusions to which no response is required. To the
6  extent any response is required, Defendant denies the allegations in Paragraph 27.

7        28.    Paragraph 28 contains legal conclusions to which no response is required. To the
8  extent any response is required, Defendant denies the allegations in Paragraph 28.

9        29.    Paragraph 29 contains legal conclusions to which no response is required. To the
10 extent any response is required, Defendant denies the allegations in Paragraph 29.

11       30.    Paragraph 30 contains legal conclusions to which no response is required. To the
12 extent any response is required, Defendant denies the allegations in Paragraph 30.

<u>Defendants' Contacts Within This Judicial Distirct</u>

14       31.    Paragraph 31 contains generalized allegations and legal conclusions to which no
15 response is required. To the extent any response is required, Defendant denies the allegations in
16 Paragraph 31.

17       32.    Paragraph 32 contains generalized allegations and legal conclusions to which no
18 response is required. Further answering, Defendant admits it operates a website and social media
19 accounts where consumers could previously view and/or purchase certain eye patches having the term
20 "EYE-CONIC" on PTR's product packaging. Defendant denies the remaining allegations in
21 Paragraph 32.

22       33.    Defendant denies that it operates physical retail stores in this judicial district.
23 Defendant admits Sephora operates physical retail stores and offices in San Francisco, California, but
24 is without sufficient knowledge or information to form a belief about the truth of the remaining
25 allegations in Paragraph 33 and denies the same.

26       34.    Paragraph 34 contains generalized allegations and legal conclusions to which no
27 response is required. Further answering, Defendant admits it previously distributed certain eye
28 patches having the term "EYE-CONIC" on PTR's product packaging to third-party retail stores in the

United States, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 34 and denies the same.

35. Defendant is without sufficient knowledge or information to form a belief about the truth of the allegations in Paragraph 35 and denies the same.

36. Defendant admits individuals could purchase certain PTR eye patches it advertised and sold using the term "EYE-CONIC" from its website, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 36 and denies the same.

37. Paragraph 37 does not contain any factual allegations and therefore no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 37.

## FIRST CAUSE OF ACTION

### (Federal Trademark Infringement – 15 U.S.C. § 1114(1))

38. Defendant restates and incorporates by reference each of the preceding paragraphs of this Answer as if set forth fully herein.

39. Paragraph 39 contains legal conclusions to which no response is required. Further answering, Defendant admits Amarte's name appears as the owner of record of U.S. Trademark Registration No. 4,328,655, dated April 30, 2013, for Class 3 "eye creams" and "eye cosmetics" on the Principal Register of the U.S. Patent and Trademark Office, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 39 and denies the same.

40. Paragraph 40 contains legal conclusions to which no response is required. Further answering, Defendant admits Amarte's name appears as the owner of record of U.S. Trademark Registration No. 4,328,655, dated April 30, 2013, for Class 3 "eye creams" and "eye cosmetics" on the Principal Register of the U.S. Patent and Trademark Office, but is without sufficient knowledge or information to form a belief about the truth of the remaining allegations in Paragraph 40 and denies the same.

41. Paragraph 41 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 41.

42. Paragraph 42 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 42.

43. Paragraph 43 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 43.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 44.

45. Paragraph 45 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 45.

46. Paragraph 46 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 46.

## SECOND CAUSE OF ACTION

### (Federal Unfair Competition – 15 U.S.C. § 1125(a))

47. Defendant restates and incorporates by reference each of the preceding paragraphs of this Answer as if set forth fully herein.

48. Paragraph 48 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 48.

49. Paragraph 49 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 49.

50. Paragraph 50 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 50.

51. Paragraph 51 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 51.

52. Paragraph 52 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 52.

53. Paragraph 53 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 53.

54. Paragraph 54 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 54.

## THIRD CAUSE OF ACTION

**(California Statutory Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*)**

55. Defendant restates and incorporates by reference each of the preceding paragraphs of this Answer as if set forth fully herein.

56. Paragraph 56 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 56.

57. Paragraph 57 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 57.

58. Paragraph 58 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 58.

59. Paragraph 59 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 59.

60. Paragraph 60 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 60.

61. Paragraph 61 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 61.

## FOURTH CAUSE OF ACTION

**(California Common Law Trademark Infringement)**

62. Defendant restates and incorporates by reference each of the preceding paragraphs of this Answer as if set forth fully herein.

63. Paragraph 63 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 63.

64. Paragraph 64 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 64.

65. Paragraph 65 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 65.

66. Paragraph 66 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 66.

## FIFTH CAUSE OF ACTION

### (California Common Law Passing Off and Unfair Competition)

67. Defendant restates and incorporates by reference each of the preceding paragraphs of this Answer as if set forth fully herein.

68. Paragraph 68 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 68.

69. Paragraph 69 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 69.

70. Paragraph 70 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 70.

71. Paragraph 71 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 71.

72. Paragraph 72 contains legal conclusions to which no response is required. To the extent any response is required, Defendant denies the allegations in Paragraph 72.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies Plaintiff's claims in their entirety and prays that Plaintiff take nothing from Defendant.

## AFFIRMATIVE DEFENSES

Defendant hereby asserts the following affirmative defenses, without admitting any allegation not otherwise admitted. The assertion of any defense as an affirmative defense herein is not, and is not intended as, an admission that Defendant has the burden of proof on any such defense or on any related element of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

(Abandonment)

Plaintiff may not rely on its trademark registration because Plaintiff abandoned its use of its asserted mark with respect to Class 3 eye cosmetics.

/ / /

/ / /

**SECOND AFFIRMATIVE DEFENSE**

(False and Fraudulent Misrepresentations in Trademark Registration)

Plaintiff may not rely on its trademark registration because Plaintiff obtained that trademark registration using false and fraudulent misrepresentations.

**THIRD AFFIRMATIVE DEFENSE**

(Cancellation of Trademark Registration)

Plaintiff's claims are barred, in whole or in part, because Plaintiff's purported trademark registration and application are subject to partial cancellation.

**FOURTH AFFIRMATIVE DEFENSE**

(Failure to State a Claim)

Plaintiff's Complaint and each and every separate cause of action therein, fails to state facts sufficient to constitute any cause of action against Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

(Waiver)

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver because Plaintiff unreasonably delayed in asserting some or all of its purported claims.

**SIXTH AFFIRMATIVE DEFENSE**

(Unclean Hands)

Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

(Acquiescence)

Plaintiff's claims are barred, in whole or in part, by the doctrine of acquiescence.

**EIGHTH AFFIRMATIVE DEFENSE**

(No Harm)

Plaintiff has sustained no harm, irreparable or otherwise, because of Defendant's alleged actions.

/ / /

/ / /

**NINTH AFFIRMATIVE DEFENSE**

(No Punitive/Exemplary Damages)

Defendant denies that it has engaged in any conduct that would support an award of punitive or exemplary damages. Moreover, Plaintiff has not pled facts sufficient to support a claim for punitive or exemplary damages pursuant to California Civil Code § 3294(a).

**TENTH AFFIRMATIVE DEFENSE**

(No Confusion)

Plaintiff's claims fail, in whole or in part, because Plaintiff has not pled any actual confusion and, upon information and belief, there is none.

**RESERVATION OF ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant hereby gives notice that it intends to rely upon such other and further defenses as may become known or available during discovery or through other pre-trial proceedings and hereby reserves its right to amend this Answer and assert such defenses.

**COUNTERCLAIM AGAINST PLAINTIFF**

As for its Counterclaim against Plaintiff Amarte USA Holdings, Inc. ("Amarte" of "Plaintiff"), Defendant and Counterclaimant Peter Thomas Roth Labs, LLC ("PTR" or "Defendant") alleges as follows:

**PARTIES**

1. PTR is a limited liability company organized under the laws of New York with its headquarters in New York, New York.

2. On information and belief, Amarte is a corporation organized under the laws of Delaware with its headquarters in Redding, California.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this Counterclaim pursuant to 15 U.S.C. § 1119.

4. Personal jurisdiction and venue (under 28 U.S.C. § 1391) are proper because Amarte has submitted to this Court's jurisdiction by initiating and continuing to prosecute this action.

/ / /

# FACTS

**A.     Amarte's & the EYECONIC Registration for Eye Cosmetics**

5.     Amarte has asserted (at Compl. ¶¶ 15, 39) that it is the owner of U.S.Trademark Registration No. 4,328,655 for the word mark EYECONIC (the "Asserted Registration") for Class 3 "eye cosmetics" and "eye creams."

6.     Amarte purports via the Asserted Registration to have first used that mark in commerce in connection with "eye cosmetics" and "eye creams" on October 8, 2012. (*See* ECF No. 1-1, Compl., Exhibit A.)

7.     On information and belief, Amarte has no legitimate rights in the trademark EYECONIC or the Asserted Registration for eye cosmetics because Amarte has never made any use of that mark in connection with eye cosmetics.

8.     On information and belief, Amarte has only ever used the EYECONIC mark in commerce in the United States in connection with eye creams, as identified in the Asserted Registration.

9.     Due to the filing of the Complaint, PTR has been damaged by the continued registration of the Asserted Registration and will continue to suffer harm if the Asserted Registration is not partially cancelled with respect to eye cosmetics. Specifically, Amarte has asserted its registration of the Asserted Registration in the underlying trademark litigation and seeks injunctive and monetary relief against PTR, and PTR has incurred attorneys' fees and costs in defending agains the alleged infringement of the Asserted Registration for certain of its eye patches.

10.    PTR has standing to challenge the registration of the Asserted Registration because Amarte's allegations against PTR in this lawsuit are based in part on registration of the Asserted Registration.

**B.     History of Amarte's Procurement of the EYECONIC Registration**

11.    Amarte filed its application for the Asserted Registration on July 30, 2010 with the United States Patent and Trademark Office ("USPTO"). Amarte's original application sought registration of EYECONIC for "Cosmetics; skin care products, namely, skin creams, anti-aging creams and lotions, lotions, cleansers, clarifiers, moisturizers, non-medicated skin serum, skin masks,

skin toners, non-medicated skin care preparations for topical application, shampoos, hair conditioners, hair care preparations, deodorants and antiperspirants, and perfumes," in International Class 3.

12.     On November 16, 2010, the USPTO issued an Office Action refusing to allow Amarte's application because there was a likelihood of confusion with the existing registration (the ICONIC Registration).  The USPTO also noted an earlier filed application might bar Amarte's registration, found Amarte did not sufficiently identify the goods to be covered, and instructed Amarte to specify the common commercial or generic name for the goods, or describe the product, intended consumer, its main purpose, and intended uses.

13.     On May 16, 2011, Amarte filed its response to the USPTO's November 16, 2010 Office Action, wherein Amarte disagreed that there was a likelihood of confusion with the ICONIC Registration, represented that its application was for "cosmetics **and** anti-aging creams," and amended the description of goods as: "Cosmetics: skin care products, namely, anti-aging creams, shampoos, hair conditioners, hair care preparations, deodorants and antiperspirants, and perfumes." (Emphasis added.)

14.     On May 25, 2011, the USPTO issued Amarte a Suspension Notice, which suspended Amarte's application pending the disposition of an earlier filed application.  The May 25, 2011 Suspension Notice further noted that the USPTO continued and maintained refusal of Amarte's application on the grounds that here was a likelihood of confusion with the ICONIC Registration.

15.     On June 19, 2012, the USPTO issued an Office Action, wherein it noted the resolution of the earlier filed application, but continued and maintained refusal of Amarte's application on the grounds that here was a likelihood of confusion with the ICONIC Registration.

16.     On October 25, 2012, Amarte filed its response to the USPTO's June 19, 2011 Office Action, wherein Amarte amended its description of goods to "eye cosmetics; eye creams."  By using a semicolon between "eye cosmetics" and "eye creams," Amarte was distinguishing between two distinct categories of goods.  *See* USPTO's Trademark Manual of Examining Procedure § 1402.1(a) ("Semicolons should generally be used to separate distinct categories of goods or services[.]").

/ / /

17. On January 19, 2013, the USPTO issued Amarte a Notice of Allowance for the Asserted Registration for "eye cosmetics; eye creams."

18. On February 19, 2013, Amarte filed at "Statement of Use" in connection with the Asserted Registration and declared the EYECONIC mark was in use in commerce or in connection with *all* goods listed in the application or Notice of Allowance. Amarte concurrently submitted a single specimen to show the EYECONIC mark "as used in commerce on or in connection with any item in the class, consisting of a(n) picture of product and product packaging showing the mark in use in connection with the goods in Class 3." The specimen depicts an image of an *eye cream* and its packaging branded with Amarte's name and the EYECONIC mark. On information and belief, Amarte was not using the EYECONIC mark in commerce in connection with eye cosmetics at the time it filed the February 19, 2013 Statement of Use, or at any time.

19. On March 27, 2013, the USPTO issued a Notice of Acceptance of Amarte's Statement of Use.

20. On November 2, 2018, Amarte filed a "Combined Declaration of Use and Incontestability under Section 8 & 15" for the Asserted Registration and declared the EYECONIC mark was "in use in commerce on or in connection with **all** of the goods/**all** of the services, or to indicate membership in the collective membership organization, listed in the existing registration for this specific class: Eye cosmetics; eye creams; **and** the mark has been continuously used in commerce for five (5) consecutive years after the date of registration, or the date of publication under Section 12(c), and is still in use in commerce on or in connection with **all** goods/**all** services, or to indicate membership in the collective membership organization, listed in the existing registration for this class." Amarte again submitted a single specimen depicting an image of an *eye cream* branded with Amarte's name and the EYECONIC mark. On information and belief, Amarte was not using the EYECONIC mark in commerce in connection with eye cosmetics at the time it filed the November 2, 2018 Combined Declaration of Use and Incontestability under Section 8 & 15, or at any time.

21. On Mary 9, 2022, Amarte filed a "Combined Declaration of Use and/or Excusable Nonuse/Application for Renewal of Registration of a Mark under Section 8 & 9" for the Asserted Registration and declared the EYECONIC mark was in use in commerce or in connection with all the

goods/services, and that the concurrently submitted specimen shows the mark as currently used in commerce. Once again, Amarte submitted a single specimen depicting an image of an *eye cream* and its packaging branded with Amarte's name and the EYECONIC mark.

22. On information and belief, Amarte has only used the Asserted Registration in connection with a single product, which it offers for sale as "Eyeconic Eye Cream."

23. On information and belief, Eyeconic Eye Cream is an eye cream.

24. On information and belief, Amarte has never used EYECONIC in commerce on or in connection with eye cosmetics at any time, including prior or subsequent to filing of its trademark application for the Asserted Registration. Yet Amarte nevertheless falsely declared—on three separate occasions—it has made such use in order to obtain and sustain the Asserted Registration. Thus, Amarte has continued to mislead the USPTO in order to maintain trademark registrations for goods to which it is not entitled.

## FIRST CLAIM FOR RELIEF

**(Request to Partially Cancel Trademark Registration for Non-Use)**

25. PTR restates and incorporates by reference each of the preceding paragraphs of this Answer and Counterclaim as if set forth fully herein.

26. In the United States, trademark rights are derived through use, and a trademark application filed under Section 1(b) of the Lanham Act is not entitled to registration absent use in United States commerce.

27. By registering the Asserted Registration for "EYE COSMETICS; EYE CREAMS" using a semicolon, Amarte acknowledged that eye cosmetics and eye creams are distinct categories of goods.

28. On information and belief, Amarte has never used EYECONIC on or in connection with any eye cosmetic.

29. On information and belief, Amarte has only ever used EYECONIC on and in connection with an eye cream.

30. More than three years have elapsed following the date of the registration of the Asserted Registration.

31.     By reason of the above, and pursuant to 15 U.S.C. § 1064, PTR is being damaged by Registration No. 4,328,655, and it should be partially cancelled because it was not used on or in connection with some of the goods recited in the registration (namely, eye cosmetics).

## SECOND CLAIM FOR RELIEF

**(Request to Partially Cancel Registration for Abandonment of Trademark Rights)**

32.     PTR restates and incorporates by reference each of the preceding paragraphs of this Answer and Counterclaim as if set forth fully herein.

33.     Alternatively, and on information and belief, Amarte has abandoned the EYECONIC mark in connection with eye cosmetics.

34.     On information and belief, Amarte has not used and does not use in commerce the EYECONIC mark in connection with eye cosmetics as identified in its registration and has, therefore, abandoned any interest it may have ever had in the EYECONIC mark with respect to eye cosmetics.

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays as follows:

1.     That Plaintiff take nothing from Defendant in this suit;

2.     That judgment be awarded against Plaintiff and in favor of Defendant on each and every cause of action asserted against Defendant in Plaintiff's Complaint;

3.     That the Court finds Plaintiff has abandoned the EYECONIC mark with respect to eye cosmetics;

4.     That the Court order the USPTO to partially cancel Plaintiff's trademark registration for EYECONIC, Registration No. 4,328,655 in connection with eye cosmetics, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119;

3.     That Defendant be awarded its fees and costs; and

4.     For any other and further such relief as this Court may deem just, proper and equitable.

/ / /

/ / /

/ / /

## JURY DEMAND

Defendant hereby demands a jury trial on the issues so triable in accordance with Federal Rules of Civil Procedure 38(a).

Dated: November 3, 2023

Respectfully submitted,

MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.

*/s/ Valerie Phan*
Daniel J. Herling
Paige E. Adaskaveg
Valerie Phan
Brad M. Scheller (*pro hac vice forthcoming*)
Michael R. Graif

Attorneys for Defendants
PETER THOMAS ROTH LABS, LLC
and SEPHORA USA, INC.